ALFRED SHRIMPTON & SONS *v.* WILLIAM WARMACK.

1. SALE. *Contract. Partial compliance. Action.*

> Where a definite quantity of goods is ordered, and the seller fails to deliver all, he has no right of action for the lesser quantity which the buyer refuses to accept.

2. SAME. *Fulfillment of contract. Case.*

> If the seller more than fulfills his contract, the buyer cannot complain, as where, under an order for papers of needles, each to contain two, the requisite number of papers is delivered, each containing two and some more than two needles.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

Appellant, Alfred Shrimpton & Sons, of New York, sold to appellee, Warmack, in this state, a great gross of sewing machine needles. The order therefor, signed by Warmack and directed to appellants, was in the following language:

"Please ship by the cheapest way to William Warmack, state of Mississippi, the following goods: Your two drawer case, containing one great gross papers sewing machine needles, for the leading machines sold in this locality, two needles in each paper. You agree at any time to exchange unsalable sizes or kinds."

The goods were shipped, but, a few days after they were received by Warmack, he returned them, with a statement that he could not sell any of the needles.   Appellants thereupon wrote him, if he could not use the needles shipped, they would be pleased to substitute any other goods carried in their stock, but they again declined to receive them, and credit them on the account.   They sent him a catalogue from which to select other goods.   To this letter Warmack replied, notifying appellants that he had returned the needles at their expense, as they were not satisfactory.   Appellants refused to take back the goods, and brought this suit before a justice of the peace to recover the agreed price.   The testimony of plaintiff was to the effect that the shipment conformed in all respects to the order, and that the particular kinds and sizes of needles had never been made known by Warmack, but that appellants had been willing and ready at any time to permit an exchange of those sent for any other kind desired.   The defendant, Warmack, testified that, before returning the shipment, he counted the papers and examined their contents, and that the papers were ten per cent. short in number, and some of them contained three instead of two needles; that there was no sale for the kind of needles sent, as they were not such as were used by the sewing machines most used in that section.

The first instruction asked by plaintiffs was a peremptory instruction to find for the reasonable value of the goods sued for. This the court refused to grant.   The second and fourth instructions for plaintiffs, which the court holds were properly refused, directed the jury to find for the plaintiffs, if the defendant failed to notify plaintiffs of any defect or shortage in the goods shipped, and to signify the kinds and sizes of needles that would be salable, and thus afford plaintiffs an opportunity to furnish them.   The opinion contains a further statement of the facts.

*E. F. Noel*, for appellant.

By the instructions the court nullified the provision of the

contract authorizing an exchange of unsalable needles for such as were salable.

The second instruction for defendant is erroneous. According to it, if there were three needles in any one of the papers instead of two, a variation to appellant's advantage, the contract was not fulfilled. Such an ironclad test for the performance of a contract has never been laid down in this state.

*Hooker & Wilson*, for appellee.

The contract clearly imposed on plaintiffs the duty of sending the kind of needles used in that community, and defendant had the right to reject or return any differing from those ordered. The right given by the contract to exchange needles did not bind appellee to accept any kind that should be shipped. It merely gave him the right, after securing those he purchased, to afterwards exchange such as were not salable. The needles were promptly returned, and plaintiffs did not accept them and offer to send other and salable needles, but merely refused to receive them.

It was a part of the contract that each paper should contain two needles, whereas some of them contained three. Warmack had the right to demand that the needles should come packed in the manner directed.

Argued orally by *E. F. Noel*, for appellant.

COOPER, C. J., delivered the opinion of the court.

If the plaintiffs failed to deliver to the defendant the quantity of goods contracted for, there was no execution on their part of the contract, and no right of action if the defendant refused to accept the lesser quantity. Benj. on Sales, § 689; *Brawley* v. *United States*, 96 U. S., 168. The first, second and fourth instructions asked by the plaintiffs were, therefore, properly refused.

The second instruction for the defendant should not have

been given. By it the jury was told that "the court instructs the jury to find for the defendant if they believe, from the evidence, that the needles were not suitable for the leading machines in the locality of Pluto, Miss., or the quantity shipped was less than one great gross, or that some of the papers contained more than two needles in each paper." The needles were sold at a price per paper, and the papers were to contain, each, two needles. If a sufficient number of papers were sent to fulfill the contract if each contained two needles, the defendant could not be injured if some of the papers contained three instead of two. The plaintiffs, in such event, not only fulfilled, but more than fulfilled, their contract. If one agrees to sell a given number of articles at a certain price, and delivers more than the number without any additional charge, it cannot be said that he has not performed his agreement.

*The judgment is reversed.*